UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARMJIT SINGH,<br><br>                    Petitioner,<br><br>      v.<br><br>TIMOTHY S. ROBBINS et al.,<br><br>                    Respondents. | No. 1:26-cv-00120-DAD-JDP<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 8) |

On January 8, 2026, petitioner filed a petition for writ of *habeas corpus*. (Doc. No. 1.) On February 2, 2026, respondents filed a response to the petition in which they indicate that this case presents "no substantial factual or legal issues that render this case distinguishable from this Court's prior decision in *Rocha Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025), and other similar cases previously decided by this court." (Doc. No. 7 at 1.) On February 5, 2026, petitioner filed a motion for temporary restraining order. (Doc. No. 8.) On February 6, 2026, the court issued an order directing respondents to either file a written opposition to the motion for temporary restraining order or otherwise indicate that respondents oppose the motion for the reasons stated in their answer to the petition for writ of *habeas corpus*. (Doc. No. 9.)

1

On February 10, 2026, respondents filed a response to the court's order in which they state that respondents "oppose the motion for temporary restraining order for the reasons outlined in their answer." (Doc. No. 10 at 1.) Respondents also indicate that they "are amenable to the Court ruling on the underlying habeas petition." (*Id.* at 2.) Respondents further argue therein that the court should deny petitioner's motion and petition for the reasons stated in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330, at *1–10 (5th Cir. Feb. 6, 2026). (*Id.* at 1.)

Petitioner is a citizen of India who entered the United States on or about May 19, 2023 in pursuit of asylum. (Doc. No. 1 at ¶ 2, 19.) Shortly after his entry, petitioner was detained by U.S. Border Patrol. (*Id.* at ¶ 3.) On May 20, 2023, petitioner was released from immigration custody on his own recognizance. (Doc. Nos. 1-1 at 5; 8 at 22.) Petitioner further alleges that he subsequently obtained work authorization and complied with all of his check-in requirements mandated by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1 at ¶ 34.) On July 11, 2025, ICE and a separate, unidentified law enforcement agency were at petitioner's workplace when ICE re-detained petitioner while the separate law enforcement agency searched the premises for firearms pursuant to a warrant. (*Id.*)[1] There is no indication that the search warrant was connected to petitioner, nor is there any indication that petitioner was provided with prior notice or a hearing before his re-detention.

The court has recently explained why it finds the reasoning of the majority in *Buenrostro-Mendez* to be unpersuasive. *Iskandar Wasef v. Chestnut, et al.*, 1:26-cv-01078-DAD-JDP (HC), Doc. No. 10 (Feb. 12, 2026). The court incorporates that reasoning here and concludes that the majority opinion in *Buenrostro-Mendez* is unpersuasive. Here, respondents have conceded that this case is neither legally nor factually distinguishable from the court's prior order in *Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025). However, the court finds that its prior order in *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578, at *2–4 (E.D. Cal. Nov. 14, 2025), where the petitioner was originally released on an order of own recognizance then subsequently re-detained by ICE without any prior

---

[1] It is unclear from the evidence before the court why ICE was present during a separate law enforcement agency's execution of a search warrant under these circumstances.

2

notice or explanation, is most instructive and incorporates the reasoning set forth in that order here.  Therefore, for the reasons explained in *Perez*, the court concludes that petitioner's detention violates due process.

        Accordingly, for the reasons outlined above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

   a. Respondents are ORDERED to immediately release petitioner from respondents' custody under the same conditions he was subject to prior to his re-detention on or about July 11, 2025;

   b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner written notice and a hearing before an immigration judge where respondents will have the burden of establishing that petitioner is a flight risk or danger to the community;

   c. Petitioner's request for attorneys' fees and costs pursuant to 28 U.S.C. § 2412 is denied without prejudice to renewal upon a properly noticed and supported motion.

2. Petitioner's motion for temporary restraining order (Doc. No. 8) is DENIED as having been rendered moot by this order; and

3. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **February 12, 2026**

                                                  DALE A. DROZD
                                                  UNITED STATES DISTRICT JUDGE